IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLY M. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:09CV715-CSC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.  Introduction.**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 et seq. and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that she was unable to work because of a disability.  Her application was denied at the initial administrative level.  The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ also denied the claim.  The Appeals Council remanded the case to the ALJ for another hearing which was held in 2008.  The ALJ again denied benefits to the plaintiff, and the Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See  Chester v.*

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to

*Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).[2]  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and this case remanded to the Commissioner for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[3] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

Social Security matters were transferred to the Commissioner of Social Security.

[2] Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

**A. Introduction.**  The plaintiff was 34years old at the time of the hearing before the ALJ and has a 12th grade education, but she did not receive a diploma. (R. 910)  The plaintiff's prior work experience includes work as a fast food worker, a day care worker and a security guard.  Following the administrative hearing, the ALJ concluded that the plaintiff has severe impairments of "disorders of the back (discogenic and degenerative), a personality disorder, depression, and borderline intellectual functioning."  (R. 27)  Nonetheless, the ALJ concluded that the plaintiff was not disabled because the plaintiff can return to her prior relevant work as a cashier.

**B. The Plaintiff's Claims.**

1.  Whether the ALJ erroneously found that the plaintiff could return to her past relevant work.

2.  Whether the ALJ's finding that the plaintiff retains the residual functional capacity to perform light unskilled work is inconsistent with his assignment of significant weight to the opinion of Drs. Jordan, Palmer and Banner.

3.  Whether the ALJ failed to properly evaluate the testimony of Joan Hopkins, the plaintiff's sister.

4.  Whether the ALJ erred by failing to properly evaluate the plaintiff's asthma and visual impairment.

### IV.  Discussion

**A. The Plaintiff's Past Relevant Work and the Opinion of the Doctors.**  As the section heading suggests, the court will discuss the plaintiff's first two issues together.

4

The ALJ found that the plaintiff could perform light and unskilled work and, therefore, perform her past relevant work as a cashier. (R. 36) The plaintiff is correct that she has never worked as a cashier, but it does not follow that this error alone requires reversal. The ALJ posed the following hypothetical to the vocational expert.

> [A]ssume that I find a hypothetical individual of the same age as Ms. Jones, the same educational level and vocational. Assume further that I find the following additional limitations. That this hypothetical individual could perform a full range of light work with mild to moderate postural limitations, environmental limitations of hazardous machinery, heights, and fumes to be avoided and no manipulative limitations and moderate depression and anxiety.

(R. 931)

The vocational expert responded that the plaintiff could perform a sedentary telemarketing job and the light security guard and daycare worker jobs. *Id.* In addition, the vocational expert further identified other light, unskilled jobs including usher/ticket taker, cashier, and parking lot attendant. *Id.* In view of this evidence about jobs the plaintiff could perform, the ALJ's misidentification of the plaintiff's past work is harmless error and does not require a remand.

However, that is not the end of the matter. The ALJ assigned "significant evidentiary weight" to the evidence of Drs. Jordan, Palmer and Banner. (R. 36) Both Dr. Palmer and Dr. Jordan concluded that the plaintiff has moderate limitations in her ability to maintain attention, concentration or pace for periods of at least two hours. (R. 772, 791-92) Dr. Jordan further found that the plaintiff had mild limitations in her ability to respond appropriately to supervisors and co-workers, use judgment in simple one or two-

5

step work-related decisions, and understand, remember and carry out simple one or two-step instructions. (R. 791-92) Dr. Jordan also found additional moderate limitations in the plaintiff's ability to respond appropriately to customers or other members of the general public, deal with changes in a routine work setting and understand, remember or carry out detailed or complex instructions. *Id.* Dr. Palmer found the plaintiff markedly limited in her ability to understand and remember detailed instructions or carry them out. (R. 776) He also found the plaintiff moderately limited in her ability to remember locations and work-like procedures and her "ability to complete normal work day and week without interruptions from psychologically based symptoms and to perform at a consistent pace . . ." (R. 777)   In his hypothetical question posed to the vocational expert, the ALJ did not include any of these limitations especially the plaintiff's limitations in concentration, persistence and pace.

This failure is error unless the ALJ otherwise sufficiently accounts for these limitations. *Winschel v. Commissioner of Social Sec.*, --- F.3d ----, 2011 WL 198372, 3-4 (11th Cir. January 24, 2011) ([W]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations).  In this case, the medical evidence does not show that the plaintiff can engage in unskilled work *despite* her limitations.  Both Drs. Palmer and Jordan found the plaintiff had limitations in her ability to perform simple tasks or follow simple directions.  In addition, the jobs identified by the

vocational expert all require some degree of contact with the public.  But Dr. Jordan found the plaintiff moderately limited in her ability to respond appropriately to customers or the general public.  That limitation was not explicitly or implicitly included in the ALJ's hypothetical questions.  Thus, the court cannot conclude that under the facts of this case, the ALJ's residual functional capacity determination that the plaintiff is restricted to light work which also must be unskilled adequately accounts for the limitations identified by Drs. Palmer and Jordan whose opinions the ALJ assigned significant weight.  Thus, this case must be remanded so that a hypothetical question my be posed to the vocational expert which accounts for all of the plaintiff's limitations.

    **B.  The Plaintiff's Sister's Testimony.**  The plaintiff's sister testified that the plaintiff had trouble sleeping which caused her to sleep during the day, got panic attacks and could not be around people for long periods of time.  The ALJ did not specifically address this testimony in his opinion, and the plaintiff assigns this as error.  An ALJ must "state specifically the weight accorded each item of evidence and the reasons for his decision." *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir.1986). The testimony of family members is evidence of a claimant's subjective symptoms.  *See Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir.1983).  In *Allen v. Schweiker*, 642 F.2d 799 (5th Cir.1981), the ALJ explicitly found that the testimony of a claimant was not credible but did not address the testimony of a family member.  The court found that this was not error because the ALJ's credibility determination as to the spouse was clearly implied by the explicit ruling as to Allen's testimony. *Allen*, 642 F.2d at 801.  In the instant case, the ALJ found the

plaintiff "not entirely credible." (R. 36)

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonable be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment. The undersigned finds that the claimant is not entirely credible. The record before the undersigned is confined to the alleged onset date, January 1, 2005, through the last insured March 31, 2005, and the claimant did not carry the weight of proving her claim of disability during the above period.

*Id.*

Where an ALJ decides not to credit a claimant 's testimony about pain (or other non-exertional impairments), the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Foote v.Chater*, 67 F.3d 1553, 1561-62 (11th Cir.1995); *Jones v. Department of Health & Human Servs.*, 941 F.2d 1529,1532 (11th Cir. 1991)(articulated reasons must be based on substantial evidence). Suffice it to say, the ALJ's credibility determination which is recited in full above contains only conclusions, not specific and adequate reasons. On remand, the ALJ must articulate specific and adequate reasons for rejecting the credibility of the plaintiff and other witnesses.

**C. The Plaintiff's Asthma and Visual Impairments.** The plaintiff argues that the ALJ failed to properly assess the severity and limiting affects of the plaintiff's asthma and visual impairment. The ALJ made no findings concerning these impairments. Since this case must be remanded, on remand the ALJ should make findings concerning the

plaintiff's asthma and any visual impairment.

For the foregoing reasons, the case will be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.  A separate final judgment will be entered.

Done this 9th day of March, 2011.

                                       /s/Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE