IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLY M. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:09cv715-CSC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

On May 26, 2011, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. # 19). The Commissioner objects to an award of fees because his "position – although ultimately unsuccessful – was substantially justified, that is reasonable in law and fact." (Def's Res., doc. # 23 at 1).

Jones applied for and was denied disability insurance and supplemental security income benefits by the Commissioner. After her application was denied, she sought judicial review in this court. On March 9, 2011, the court concluded that the ALJ erred and remanded the case for further proceedings.

A Social Security disability claimant is a prevailing party entitled to seek EAJA fees when the claimant obtains a remand for reconsideration of her case by the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). Thus, the plaintiff is a prevailing party.

Under the EAJA, the court "shall award" attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances

make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  *See also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person - i.e. when it has a reasonable basis in both law and fact.  The government bears the burden of showing that its position was substantially justified." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

In this circuit a vocational expert's testimony is fatally deficient as a matter of law if the ALJ's hypothetical questions fail to precisely set out all of the claimant's impairments. *See Harrell v. Harris*, 610 F.2d 355 (5th Cir. 1980)[1] (citing with approval *Stephens v. Sec. of Health, Ed. & Welfare*, 603 F.2d 36, 41-42 (8th Cir. 1979).  To constitute substantial evidence to support a disability decision, a vocational expert's testimony must be based upon hypothetical questions that comprehensively describe the claimant's impairments.  *See Harrell*, 610 F.2d at 359.  Unless the vocational testimony concerning the availability of jobs addresses the plaintiff's educational level, work skills, experience, and limitations, including both exertional and non-exertional limitations, the decision of the ALJ is not supported by substantial evidence.  *Brenem v. Harris*, 621 F.2d 688 (5th Cir. 1980).

In this case, the ALJ did not ask the vocational expert to consider any of the limitations set out by Drs. Jordan, Palmer and Banner, in particular Jones' limitations in concentration, persistence and pace.  (Mem. Op., doc. # 17, at 6).  Accordingly, the court found that the ALJ erred, as a matter of law, by not fully including all the plaintiff's

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.)

restrictions in the hypothetical questions posed to the vocational expert.  Because the ALJ failed to comply with the legal requirement that the hypotheticals posted to the vocational expert account for all of the plaintiff's limitations, the ALJ committed legal error requiring a remand for further proceedings.  Thus, the Commissioner's position in this litigation did not have a reasonable basis in law.  *Pierce* requires that the government's position be reasonable *both* in fact and law to be substantially justified.

The Commissioner argues that the plaintiff is not entitled to fees because his position was "reasonable in both law and fact." (Def's Res., doc. # 24, at 3).  First, the defendant argues that because the court relied on *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), and *Winschel* was not decided until after briefing was complete in this case, his position was reasonable in law and fact. (*Id*. at 4).  *Winschel* specifically addressed the need to include limitations in concentration, persistence and pace identified in a Psychiatric Review Technique in hypothetical questions to the vocational expert.  631 F.3d at 1180. *Winschel* did not create new law; it reaffirmed the law of this circuit.  *See Winschel, supra*.

Next, the defendant rehashes his positions in support of the ALJ's determination and misses the mark.  The court remanded the case because the ALJ failed in *his* duty to properly include all of the plaintiff's limitations in his hypothetical questions to the vocational expert.  Because the ALJ did not explicitly or implicitly include all of Jones' limitations in the hypothetical questions, the court was unable to determine, as a matter of law, whether the ALJ's residual functional capacity determination was supported by substantial evidence. (Mem. Op., doc. # 17, at 7).  Consequently, the Commissioner's position was not reasonable in law and was not substantially justified.  The plaintiff is entitled to an award of fees under

EAJA.

The plaintiff seeks fees in the amount of $3,263.95.[2] (Doc. # 19).  The Commissioner does not challenge any of the hours expended by counsel as unreasonable nor does he challenge the hourly rate.  Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the motion for attorney's fees (doc. # 19) be and is hereby GRANTED, that the plaintiff be and is hereby AWARDED fees in the amount of $3,263.95,[3] and that the check for the amount of attorney's fees be mailed to counsel for the plaintiff.

Done this 30th day of August 2011.

                    /s/Charles S. Coody
                    CHARLES S. COODY
                    UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent that Plaintiff's counsel seeks an additional award of attorney's fees, *see* Pl's Reply, doc. # 26, that request is not properly before the court.

[3] 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party.  *See* 28 U.S.C. § (d)(2)(B).  On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, 130 S.Ct.2521 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney.  *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.").  Thus, fees are awarded directly to the plaintiff.